﻿Citation Nr: AXXXXXXXX
Decision Date: 10/30/20 Archive Date: 10/30/20

DOCKET NO. 200212-66895
DATE: October 30, 2020

ORDER

Service connection for open angle glaucoma is denied.

FINDING OF FACT

The preponderance of the evidence is against a finding that the Veteran’s currently-diagnosed open angle glaucoma was caused by or incurred in active service or is otherwise related to service.

CONCLUSION OF LAW

The criteria for service connection for open angle glaucoma have not been met. 38 U.S.C. §§ 1131, 5107(b); 38 C.F.R. §§ 3.102, 3.303(a).

REASONS AND BASES FOR FINDING AND CONCLUSION

The Veteran served on active duty in the United States Navy from June 1955 to February 1959.

In January 2009, the Veteran submitted a claim for service connection for glaucoma. The Agency of Original Jurisdiction (AOJ) denied the claim in a February 2010 decision. The Veteran submitted additional evidence and a request for reconsideration within a year of the decision. The AOJ confirmed and continued the denial of the claim in a May 2010 decision. In November 2017, the Veteran submitted a claim to reopen and in a May 2018 decision, the AOJ reopened the claim and denied service connection. The Veteran timely appealed. Following the issuance of a Statement of the Case in December 2019, the Veteran opted into the modernized review system, electing the evidence review lane in a February 2020 Notice of Disagreement. 38 C.F.R. § 19.2(d).

The Board has limited the discussion below to the relevant evidence required to support its finding of fact and conclusion of law, as well as to the specific contentions regarding the case as raised directly by the Veteran and those reasonably raised by the record. See Scott v. McDonald, 789 F.3d 1375, 1381 (Fed. Cir. 2015); Robinson v. Peake, 21 Vet. App. 545, 552 (2008).

Service connection for open angle glaucoma is denied.

Service connection may be granted if the evidence demonstrates that a current disability resulted from an injury or disease incurred or aggravated in active military service. This means that the facts establish that a particular injury or disease resulting in disability was incurred coincident with service in the Armed Forces, or if preexisting such service, was aggravated therein. 38 U.S.C. § 1110; 38 C.F.R. § 3.303(a).

Establishing direct service connection generally requires (1) medical evidence of a current disability; (2) medical, or in certain circumstances, lay evidence of in-service occurrence or aggravation of a disease or injury; and (3) medical evidence of a nexus between the claimed in-service disease or injury and the present disability. Hickson v. West, 12 Vet. App. 247, 253 (1999); 38 C.F.R. § 3.303(a).

In determining whether service connection is warranted for a disability, VA is responsible for determining whether the evidence supports the claim or is in relative equipoise, with the veteran prevailing in either event, or whether a preponderance of the evidence is against the claim, in which case the claim is denied. 38 U.S.C. § 5107; Gilbert v. Derwinski, 1 Vet. App. 49 (1990). When there is an approximate balance of positive and negative evidence regarding any issue material to the determination of the matter, the benefit of the doubt will be given to the veteran. 38 U.S.C. § 5107 (b); 38 C.F.R. § 3.102.

Turning to the evidence of record, the Veteran’s May 1955 service entrance examination reflected normal general eye and ophthalmoscopic evaluations and 20/20 vision bilaterally. There were no relevant complaints, symptoms, treatment, or diagnosis of glaucoma or any other optical conditions during service. The February 1959 separation examination report also contained normal general eye and ophthalmoscopic evaluations and noted 20/20 vision bilaterally. 

Post-service, the Veteran was diagnosed by private clinicians with glaucoma in August 2007. Later private and VA treatment records reflected an ongoing diagnosis of bilateral open angle glaucoma treated with daily medication. There were multiple notations by treating clinicians indicating that the Veteran had a family history of glaucoma and several notations that he did not have a family history of glaucoma. He had additional ocular diagnoses of senile cataracts and refractive error.

A VA examination was conducted in December 2017. The examiner diagnosed chronic bilateral open angle glaucoma, bilateral senile nuclear sclerotic cataracts, and bilateral hyperopic astigmatism. The examiner determined that the Veteran’s glaucoma was less likely than not incurred in or caused by service. In support, he stated that glaucoma is an inherited disease and unrelated to the Veteran’s military service. 

Based on the foregoing, the Board finds that service connection for open angle glaucoma is not warranted. The Veteran entered service without any history or observed indication of any eye condition, his service treatment records are silent for glaucoma or related symptoms, and his eyes and vision were normal at separation. The first indication of a glaucoma diagnosis was more than 50 years after discharge. Additionally, the examiner supported his opinion with an adequate rationale, finding that due to the nature of the condition as an inherited disease, it was less likely than not related to service. 

The Board notes that congenital or developmental defects are not diseases or injuries within the meaning of applicable legislation concerning service connection. 38 C.F.R. §§ 3.303(c), 4.9; Winn v. Brown, 8 Vet. App. 510 (1996). Nonetheless, the VA’s Office of General Counsel has concluded that service connection for a congenital disability may be awarded if it is shown that it was aggravated through a superimposed injury during active service. If a superimposed disease or injury does occur, service connection may be warranted for the resultant disability. VAOPGCPREC 82-90 (July 18, 1990) at para. 3. However, here, although the Veteran’s glaucoma has been deemed to be an inherited or congenital condition, there is no evidence of any ocular symptomology during service suggesting aggravation nor any superimposed disease or injury during service.

The Board attaches significant probative value to the totality of the Veteran’s medical history and symptom presentation as well as the VA examiner’s opinion. The Board recognizes that the Veteran believes his current bilateral open angle glaucoma is related to his active service. However, he has not been shown to have the requisite medical expertise and training to provide an opinion regarding the etiology of a complex medical condition. As such, the Board finds that the preponderance of the probative evidence of record is against service connection for open angle glaucoma. As the preponderance of the evidence is against granting service connection, the benefit of the doubt rule is not for application.

 

 

Shereen M. Marcus

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board Rachel E. Jensen, Associate Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.